RAMIREZ, J.
The employer and its insurance carrier appealed from a final order granting the employees petition for rule nisi to enforce a worker’s compensation order. The em *362 ployer asserted that the employee’s claim for medical care was barred by the statute of limitations. We reverse based on Gulfstream Press, Inc. v. Acle, 697 So.2d 213 (Fla. 1st DCA 1997).
On August 30, 1992, Franklin Banegas was involved in a work-related accident and injury while employed by Sodpolis, Inc. He received medical care and indemnity benefits from Sodpolis and its workers’ compensation insurance carrier, Travelers Insurance Company. On November 17, 1993, Banegas entered into a Stipulation and Joint Petition for Final Settlement of Compensation with Sodpolis and Travelers. The agreement provided for a lump-sum settlement and payment of all indemnity benefits that Banegas would be entitled to, with the exception of medical expenses. Banegas signed an affidavit in which he acknowledged the settlement agreement and stated that he understood that he maintained his right to medical treatment so long as he did not allow a period of greater than two years to expire without receiving such treatment. On November 23, 1993, the Judge of Compensation Claims entered an order approving the settlement stipulation of the parties. The final sentence of the order states that “[t]he responsibility of the Employer/Carrier for future medical benefits remains as it now is for the time and in the manner provided by law.”
In October of 1998, Banegas’ orthopedic surgeon recommended that he have surgery to remove screws that had been put into his ankles prior to the settlement agreement. Banegas subsequently filed a Petition for Rule Nisi with the trial court to enforce the medical attention provision of the 1993 order. Sodpolis and Travelers denied the medical treatment sought on the basis that the two-year statute of limitations had run pursuant to section 440.19, Florida Statutes, and that jurisdiction over the issue rested with the Judge of Compensation Claims. The trial court granted the Petition for Rule Nisi. Sodpolis and Travelers appeal. We reverse.
Banegas signed an affidavit on November 17, 1993, in which he acknowledged that he would not receive medical benefits if he allowed a period of greater than two years to expire without receiving treatment. He further acknowledged that he was represented by an attorney who explained the Stipulation and Joint Petition for Final Settlement of Compensation before he signed the agreement.
In Gulfstream Press, Inc. v. Acle, 697 So.2d 213 (Fla. 1st DCA 1997), the Judge of Compensation Claims signed a similar Order for Release From Liability containing the same language regarding future medical benefits. The First District reversed the judge’s ruling that the employer/carrier were estopped from relying on the statute of limitations defense.
In our case, as in Gulfstream Press, Banegas executed an affidavit which explicitly described the two-year limitations period and in which he certified that his attorney had advised him of his rights under the settlement agreement. Banegas is therefore barred from receiving medical benefits for the underlying treatment as it was undisputed that he allowed more than two years to expire without receiving any medical treatment.
Reversed.